The People v. Mayer.

[ALBANY GENERAL TERM, September 5, 1853. *Watson, Wright* and *Harris*, Justices.]

THE PEOPLE *vs.* MAYER.

The object of the article of the revised statutes relating to " writs of certiorari to courts of special sessions," (2 *R. S.* 717,) is to provide for a review of the trial, for the purpose of correcting such errors as may have been committed. Whether or not the writ shall be allowed, is a question addressed to the judicial discretion of the judge to whom the application is made; and his determination, upon the application, is not the subject of review, in the supreme court, upon *certiorari*.

But when proceedings are commenced before a county judge, under the article of the revised statutes relating to " writs of *habeas corpus* and *certiorari* issued to inquire into the cause of detention," and that officer makes a final adjudication upon the proceedings, a writ of *certiorari* may be issued to remove the proceedings into the supreme court.

A prisoner committed on a criminal charge is entitled to the allowance of a writ of *habeas corpus*, as a matter of right, unless he was committed or detained by virtue of the final judgment of a competent tribunal.

Whether he was so committed, or is so detained, is a question which the officer to whom the writ is presented for allowance is required to decide, in order to determine whether, or not, the writ shall be allowed. And his decision that the prisoner is not entitled to the writ, is a proper subject of review in the supreme court, upon *certiorari*.

The provisions of the revised statutes relating to " trials for offenses, before courts of special sessions," so far as they relate to the city of Albany, are not repealed by the act " to establish a court of special sessions in and for the city of Albany." (*Laws of* 1849, *p.* 210.)

The People *v.* Mayer.

That act does not confer exclusive power upon the court thereby organized. It leaves to other tribunals such jurisdiction as they before possessed.

Although it may be the duty of a committing magistrate, in the city of Albany, to try the prisoner, upon his requesting it, the court of special sessions is not deprived of jurisdiction; and that jurisdiction having been exercised in a lawful manner, and the defendant imprisoned by virtue of the final judgment of such court of special sessions, he is not entitled to the allowance of a writ of *habeas corpus* to inquire into the cause of his imprisonment.

THE defendant, on the 2d day of July, 1853, was arrested upon a charge of petit larceny and brought before a police magistrate of the city of Albany. An examination was had on the same day, and he was committed for trial. After the expiration of twenty-four hours from the commitment, the defendant demanded of the committing magistrate that he should be tried. This was refused, and the defendant was brought to trial before the Albany special sessions. He pleaded that the court had no jurisdiction. The plea was overruled, and he then denied the charge. The trial proceeded, and the defendant was convicted and sentenced. Upon an affidavit showing these facts the defendant's counsel applied to the Albany county judge for the allowance of a writ of *certiorari* to remove the proceedings and conviction into the supreme court. He also applied for a writ of *habeas corpus* to inquire into the cause of his imprisonment, alleging in his petition the want of jurisdiction in the court by which he was convicted, to try him, for the reason that he had been for the space of 96 hours and more confined in the common jail of the county, and that, at the time of his commitment to the jail he had demanded a trial of the committing magistrate, which was refused. Both applications were denied; the judge holding that he had no jurisdiction in either case. The proceedings before the county judge were removed into this court by *certiorari.*

*W. S. Hevenor,* for the people.

*C. Pepper,* for the defendant.

*By the Court,* HARRIS, J.   In respect to the application for a *certiorari* to remove the conviction into this court, the counsel for the defendant has confounded two distinct provisions of the revised statutes.   His writ is adapted to the provisions of the article relating to " writs of certiorari to courts of special sessions." (2 *R. S.* 717.)   The object of that article is to provide for a review of the trial, for the purpose of correcting such errors as may have been committed.   Whether or not the certiorari shall be allowed, is a question addressed to the judicial discretion of the judge to whom the application is made.   He must be satisfied that some error has been committed in the proceedings or the judgment.   His determination upon the application is not the subject of review.   The writ presented to the county judge for his allowance was adapted to this statute, and not to that relating to writs of habeas corpus and certiorari to inquire into the cause of detention.   (2 *R. S.* 562.)   When a certiorari is allowed under the latter statute, it merely requires the person to whom it is directed to certify to the court or officer by whom it is allowed, the cause of detention or imprisonment.   So far, therefore, as it relates to the application to the county judge for a *certiorari,* this court has no authority to review the proceedings.   The *certiorari* to the county judge ought not to have been allowed.

But in respect to the application to the county judge for a *habeas corpus,* I think this court is authorized to review the proceedings.   The statute declares that all proceedings commenced under the article relating to " writs of *habeas corpus* and *certiorari* when issued to inquire into the cause of detention," when such proceedings are instituted before *any officer,* may be removed by *certiorari* into the supreme court, to be there examined and corrected.   (2 *R. S.* 573, § 69,)   Proceedings were commenced before the county judge, under that article.   That officer had made a final adjudication upon the proceedings.   It was a case, therefore, within the provision of the statute authorizing the allowance of a writ of certiorari to review the proceedings.

The defendant was entitled to the allowance of the writ of

The People *v.* Mayer.

*habeas corpus,* as a matter of right, unless he was committed or detained by virtue of the final judgment of a competent tribunal. (2 *R. S.* 563, §§ 21, 22.) Whether he was so committed or detained, was a question which the county judge was required to decide in order to determine whether or not the writ should be allowed. He did determine that the defendant was not entitled to the writ. This determination is the proper subject of review.

It is insisted, on behalf of the defendant, that it was the duty of the committing magistrate, the defendant having requested a trial, to proceed himself to try him, and that the Albany special sessions had no jurisdiction in the case. It may be that the committing magistrate had authority to try the defendant. I am inclined to think he had. Perhaps it was his duty. The provisions of the 2d and 3d sections of the title of the revised statutes relating to " trials for offenses before courts of special sessions of the peace," (2 *R. S.* 711,) so far as they relate to the city of Albany, are not repealed by the act " to establish a court of special sessions in and for the city of Albany," (*Sess. Laws of* 1849, *p.* 210.) That act confers upon the court thereby organized, " power to hear and determine *all cases,*" &c. But it is not exclusive power. It leaves to other tribunals such jurisdiction as they before possessed. It may have been intended by the framers of this act that no trials should be had before the police magistrates. I have some reason to believe that this was so. But the only indication of such an intent to be found upon the face of the act, is in the 3d section, which requires the magistrate before whom any charge is made to deliver the complaint and examination to the district attorney within a specified time. It is made the duty of that officer to attend the court created by that act, and it might, perhaps, be inferred from the fact that all magistrates in the city are required to deliver to him all complaints and examinations taken by them, that it was intended that the trials in all such cases should be had before the court of special sessions which he was to attend. This may be so, but it is scarcely legitimate thus, by mere implication, to deprive the city magistrates of the jurisdiction they before possessed.

But however this may be, and conceding even what the counsel for the defendant claims, that it was the duty of the committing magistrate to try the defendant, yet it does not deprive the court of special sessions of jurisdiction. That court has "power to hear and determine all cases of petit larceny," &c. This was such a case. If the magistrate had jurisdiction, so also had the court. That jurisdiction having been exercised in a lawful manner, and the defendant being imprisoned by virtue of the final judgment of the court, he was not entitled to the allowance of the writ of *habeas corpus* to inquire into the cause of his imprisonment. The proceedings of the county judge, therefore, should be affirmed.

It was claimed, upon the argument, by the counsel for the people, that the proceedings upon a trial before the court of special sessions created by the act of 1849, could not be reviewed in this court upon *certiorari*. The county judge seems to have been of that opinion; for he has returned that he refused to allow the writ of *certiorari* on the ground that he had no jurisdiction. He was right in refusing to allow the writ, for I have been unable to perceive that any error was committed upon the trial. But I cannot agree with him that he had no jurisdiction in the case. The tribunal before which the trial was had was "a court of special sessions." The *fourth* article of the title relating to trials before courts of special sessions, (2 *R. S.* 717,) is as applicable to this as to any other court of special sessions. The fact that, by the terms of the 5th section of the act of 1849, the provisions of the *first* and *third* articles of the same title are made applicable to trials and proceedings in that court, does not render the provisions of the *fourth* article, which relates to the review of such trials and proceedings, less applicable. The county judge was right, therefore, in refusing to allow the writ of *certiorari*, not because he had not jurisdiction, but because no error had been committed.

[ALBANY GENERAL TERM, September 5, 1853.  *Watson, Wright* and *Harris*, Justices.]